# UNITED STATES OF AMERICA
# MERIT SYSTEMS PROTECTION BOARD

MARLENE R. ABRAMS,
                 Appellant,

         v.

SOCIAL SECURITY
    ADMINISTRATION,
                 Agency.

DOCKET NUMBER
CB-7521-15-0031-T-1

DATE: November 17, 2022

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Marlene R. Abrams</u>, Chicago, Illinois, pro se.

<u>Patrick W. Carlson</u>, Esquire, Chicago, Illinois, for the agency.

<u>Sharese M. Reyes</u>, Esquire, Atlanta, Georgia, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

### FINAL ORDER

¶1       The appellant, an administrative law judge (ALJ), has filed a petition for review of the initial decision, which dismissed the appeal for lack of jurisdiction.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2     The Social Security Administration (SSA) filed two complaints with the Board, seeking to suspend and remove the appellant, respectively, from her ALJ position based on charges of failure to follow instructions, unacceptable docket management, neglect of duties, and medical inability to perform, and the appellant raised affirmative defenses of disability discrimination in both matters.[2] *Social Security Administration v. Abrams*, MSPB Docket Nos. CB-7521-13-0008-T-1, CB-7521-14-0004-T-1. In February 2013, during

---

[2] The ALJ assigned to adjudicate these matters joined the appeals and found that SSA proved the charges of unacceptable docket management and medical inability to perform, that the appellant, who was the respondent in those matters, did not prove her affirmative defenses of disability discrimination, and that SSA had good cause to remove her. *Social Security Administration v. Abrams*, MSPB Docket Nos. CB-7521-13-0008-T-1, CB-7521-14-0004-T-1, Initial Decision (Apr. 12, 2016). Ms. Abrams and SSA have filed a petition for review and a cross petition for review, respectively, of the initial decision. Those matters are currently pending before the Board, and we will address the arguments contained therein in a separate decision.

the pendency of the first Board appeal, the appellant contacted an equal employment opportunity (EEO) counselor to report discrimination based on disability, religion, and harassment, among other things. *Social Security Administration v. Abrams*, MSPB Docket No. CB-7521-15-0031-T-1, Initial Appeal File (IAF), Tab 6 at 18-34. The appellant subsequently filed a formal EEO complaint, alleging discrimination based on disability, religion, and a hostile work environment. *Id.* at 6-14. On August 25, 2014, an Equal Employment Opportunity Commission administrative judge dismissed the appellant's discrimination complaint "with prejudice for lack of jurisdiction as a mixed case" due to the pending Board matters and ordered SSA to dismiss the complaint. *Id.* at 35-39. On February 9, 2015,[3] SSA issued a final agency decision (FAD) on the appellant's discrimination complaint, finding that SSA did not discriminate against her based on disability, religion, or reprisal. *Id.* at 56-103.

¶3 On April 20, 2015, SSA rescinded the FAD because it did not comply with the administrative judge's order and it gave the appellant incorrect appeal rights. *Id.* at 107. SSA reissued the FAD on the same date. *Id.* at 107-14. The reissued FAD dismissed the appellant's discrimination complaint "because the same matter was first raised before the MSPB." *Id.* at 112 (citing 29 C.F.R. § 1614.107(a)(4)). The reissued FAD noted that the appellant could file an appeal with the Board or a civil action in a U.S. district court. IAF, Tab 6 at 112.

¶4 In May 2015, the appellant filed a submission with the Board, entitled "Notice of Appeal," which we construed as an appeal of the reissued FAD. IAF, Tab 1. The ALJ issued an initial decision in which he dismissed the appeal for lack of jurisdiction because the appellant did not have the right to appeal the FAD to the Board. IAF, Tab 25, Initial Decision (ID). The appellant has filed a

[3] It appears that the final agency decision was mistakenly dated February 9, 2014. IAF, Tab 6 at 56.

petition for review, SSA has filed a response, and the appellant has filed a reply. Petition for Review (PFR) File, Tabs 3, 7-8.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶5        The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985). As noted above, the appellant raised claims of disability discrimination in the other pending Board appeals. She has not cited on review, nor are we aware of, any source of Board jurisdiction over SSA's dismissal of her discrimination complaint as a mixed case under these circumstances. *See, e.g.*, *Social Security Administration v. Harty*, 96 M.S.P.R. 65, ¶¶ 15-16 (2004) (finding that the respondent did not have Board appeal rights from SSA's decision to dismiss his discrimination complaints because he elected the Board as his preferred forum for evaluating his discrimination claims). Even though the FAD advised the appellant that she could appeal the dismissal of her complaint to the Board, this error does not confer Board jurisdiction over this appeal. *Jundt v. Department of Veterans Affairs*, 113 M.S.P.R. 688, ¶ 2 n.2 (2010); *Scott v. Department of the Air Force*, 113 M.S.P.R. 434, ¶ 9 (2010). Accordingly, we affirm the ALJ's decision to dismiss the appeal for lack of jurisdiction.

## NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation

for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must <u>receive</u> your petition for

---

[5]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                              /s/ for
                                    Jennifer Everling
                                    Acting Clerk of the Board

Washington, D.C.